IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Bernice Muhammad | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 09-53-KD-C |
| vs. | ) |
| | ) |
| HSBC Bank USA, N.A. | ) |
| as trustee for Merrill Lynch | |
| Mortgage Investors, Inc. Mortgate Loan | ) |
| Asset - Backed Certificates, | |
| Series 2002 - HEI | ) |

**ORDER**

This matter is before the Court on plaintiff, Bernice Muhammad's, motion for temporary restraining order against defendant, HSBC Bank USA, N.A. (doc. 2) filed January 29, 2009 and defendant's "Limited Appearance and Response to Plaintiff's Request for Temporary Restraining Order" (doc. 5) filed February 2, 2009.

Plaintiff moves the Court for a temporary restraining order to halt the foreclosure of her home, presently scheduled for February 5, 2009.  In response defendant states, in part, that it has notified plaintiff by letter dated February 2, 2009 "that the foreclosure sale previously scheduled for February 5, 2009, has been temporarily cancelled."  (doc. 5 at p. 3)

In order to be eligible for temporary restraining or preliminary injunctive relief under Rule 65 of the Federal Rules of Civil Procedure, a movant must establish each of the following elements: (1) that there is a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. Fed. R. Civ. P. 65; See KH Outdoor, LLC v. City of Trussville, 458 F.3d 1261, 1268 (11th Cir.2006); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th

1

Cir.2005).  All four prongs of the Rule 65 inquiry must be satisfied by a movant for a TRO or preliminary injunction.

The Eleventh Circuit has stressed that "[a] showing of irreparable injury is the sine qua non of injunctive relief" and that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir.2000).  In light of the temporary cancellation of the foreclosure sale, plaintiff does not state a prima facie case for preliminary injunctive relief.  Specifically, plaintiff is unable to adequately show the presence of immediate, irreparable harm to warrant the court's issuance of a Temporary Restraining Order.  Accordingly, plaintiff's motion is DENIED, at this time.[1]

**DONE** this the 3rd day of February 2009.

    /s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiff is granted leave to refile her motion as the circumstances may warrant.