IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BERNICE MUHAMMAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 09-0053-KD-N |
| | ) | |
| HSBC BANK USA, N.A., as Trustee for | ) | |
| Merrill Lynch Mortgage Investors, Inc., | ) | |
| Mortgage Loan Asset-Backed Certificates, | ) | |
| Series 2002-HEI, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

On August 25, 2009, the court held a scheduling conference in an effort to resolve this matter prior to the issuance of a Rule 16(b) Scheduling Order.  Present at the conference were plaintiff, appearing *pro se* [1] and J. Ritchie Prince, Esq., counsel for defendant. This matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 (b) and Local Rule 72.2.

In addition to the matter of the Rule 26(f) Report, also pending before the court at this time are the following:  plaintiff's Motion for Summary Judgment (doc.  23); defendant's Motion to Dismiss (doc. 24), along with plaintiff's Response (doc 28); plaintiff's Motion (doc. 30) concerning defendant's failure to respond to plaintiff's restructuring proposal (doc. 27), along with defendant's Response (doc. 31); a Motion or Notice (doc. 33) from plaintiff concerning defendant's corporate disclosure; plaintiff's Motion "to Reiterate" (doc. 40) ; and her Motion for Default Judgment against Merrill Lynch (doc. 41).

---

[1]  Also present at the conference was plaintiff's adult son who is not a party to this action.

Facts

The following facts are alleged in plaintiff's verified complaint (doc. 1)[2]:

On July 31, 2002, plaintiff entered into a mortgage with Option One Mortgage Corporation.  Said mortgage and note were subsequently assigned to American Home Mortgage Servicing, Inc. ("AHMSI"), and later assigned to HSBC Bank USA, National Association as Trustee for Merrill Lynch Mortgage Investors, Inc. Mortgage Loan Asset-Backed Certificates, Series 2002-HEI.[3]

In 2003, plaintiff filed for bankruptcy relief pursuant to Chapter 13.  On August 11, 2003, plaintiff entered an agreement with the lender to satisfy the mortgage arrears on said property, which was ratified by the Bankruptcy Court; plaintiff alleges that she paid in accordance with that agreement.  On July 15, 2004, the lender returned a payment stating that it was no longer bound by the automatic stay, and shortly thereafter instituted foreclosure.

Plaintiff filed a motion seeking an injunction to halt the foreclosure or to dismiss the bankruptcy; the bankruptcy action was dismissed on October 28, 2004.  In October, 2004,[4] plaintiff and the lender agreed to put all arrears to the back of the mortgage.  In November 2004,

---

[2] Plaintiff's complaint is titled "Complaint in Violation of the Fair Debt Collection Practices Act" and seeks intervention from the court, in sum, "to fix and ascertain the sum of the debt and all lawful charges necessary to cure said debt and the sum of all credits to be allowed to the Plaintiff...."  (Doc. 1 at 4)

[3] At the scheduling conference, the court elicited a brief statement of the issues from the plaintiff.  Plaintiff indicated that she did not believe that defendant had a valid interest in the mortgage.  However, in light of the allegations of the complaint upon which this action is based, the assignment to defendant has been admitted and established.  Based upon the record before the court, it appears without serious question that the mortgage was properly assigned and that defendant has a valid interest in the plaintiff's mortgage and has standing in this case.

[4] In the Complaint, this date is given as October, 2005, but from the chronology and context it appears that the year was incorrect.

2

plaintiff filed another Chapter 13 bankruptcy petition; she included Option One, who filed a contested statement of pre-petition arrears which was allowed by the bankruptcy court.  Despite efforts to settle the mortgage arrears, the parties failed to reach an agreement.  That bankruptcy action was dismissed on December 3, 2008.  Plaintiff filed a notice of appeal to this court, CV 09-0148-WS-M.

Plaintiff alleges that she requested but did not receive a statement of her debt and all lawful charges in January, 2009.[5]  On January 6, 2009, defendant accelerated the debt and began foreclosure proceedings.

Plaintiff filed an action, through counsel, in the Circuit Court of Mobile County, seeking to enjoin the foreclosure, and shortly thereafter filed the instant action pro se, utilizing the same complaint as her attorney had filed in the state court.[6]  This court denied (doc. 7) her motion for temporary restraining order.[7]

---

[5]  At the scheduling conference counsel for defendant represented that these documents were, in fact, transmitted to plaintiff by way of Creola Ruffin, Esq., plaintiff's counsel of record in the prior state court action.

[6]  At the scheduling conference, defendant's counsel produced a copy of an order recently entered by the Circuit Court of Mobile County, dismissing plaintiff's state court action on procedural grounds.

[7]  In response to plaintiff's motion for TRO to halt the foreclosure of her home, defendant submitted that the foreclosure sale was "temporarily cancelled."  (Doc. 5 at 3) Accordingly, the court found that plaintiff was "unable to adequately show the presence of immediate, irreparable harm..." required for a temporary restraining order to issue.  (Doc. 7 at 2)

<u>Plaintiff's Motion for Summary Judgment (doc.  23)</u>[8]

Plaintiff argues that defendant–whom she sued over the foreclosure–is without an interest in the loan and thus lacks standing.  In light of the allegations of plaintiff's Complaint, cited above, this argument is without merit.

Similarly, plaintiff's assertion that defendant's counsel has only made a limited appearance in this action is inaccurate.  Defendant made a limited appearance (doc. 5) to contest the TRO, but thereafter attempted to avail itself of the jurisdiction of this court by filing a Notice of Removal, seeking to remove the state action into this case[9], and made a general appearance in Answering the Complaint.  (Doc. 11) Whatever their original status, defendant and defendant's counsel are properly and fully before this court.

Plaintiff is not entitled to Summary Judgment on her claims; the undersigned RECOMMENDS that plaintiff's Motion for Summary Judgment be STRICKEN.

<u>Motion Regarding Settlement Negotiations (doc. 30)</u>

In an effort to support settlement negotiations, the prior Magistrate Judge issued an order requiring the plaintiff to file a written proposal for restructuring the debt to the defendant, and requiring defendant to respond in writing.  Plaintiff filed a document (doc. 27) purporting to be a

---

[8]  Local Rules 7.1(a) and 7.2(a) require that any Motion for Summary Judgment must be accompanied by a brief.  Rule 7.1(a) warns that "[f]ailure to file a brief may result in the denial of the motion."  Rule 7.2(a) also requires the filing of suggested Determinations of Undisputed Fact and Conclusions of Law, referencing the supporting documents supporting such facts. Indeed, plaintiff offers no evidence in support of her summary judgment motion other than the documents attached to her Complaint.  These failures are sufficient to allow the court to strike plaintiff's motion without requiring defendant to respond.

[9]  The notice of removal was deemed invalid and was stricken by endorsed order dated March 3, 2009.  (Doc. 15)

4

proposal; however, the document contained no proposal but rather reiterated her complaints against defendant.  Defendant did not make a response to the proposal because there were no provisions offered on which a response was appropriate.[10]

Even were the defendant's failure to respond improper, which the undersigned finds that it is not, the requested relief–a finding of civil contempt and granting all of plaintiff's motions including summary judgment as a sanction–is not available under the facts of this case.

The undersigned finds no violation by defendant and thus RECOMMENDS that plaintiff's Motion be DENIED.

<u>Notice Concerning Defendant's Corporate Disclosure (doc. 33)</u>

In this document, which purports to identify a violation of the defendant's corporate disclosure requirement, plaintiff asks the court to punish defendant for this alleged failure by granting the TRO, which has already been denied, and to grant all other motions filed by plaintiff including her motion for summary judgment.  Because the document seeks a remedy–even though that remedy is entirely out of keeping with the alleged error–the court construes it as a motion.

Defendant filed a corporate disclosure statement (doc. 10) on February 18, 2009.  The court can not decipher how plaintiff believes this document is inadequate–a review by the court finds no inadequacy.  Accordingly, the undersigned RECOMMENDS that this document be DENIED.

---

[10]  Defendant did in fact file a response to plaintiff's document, noting that the filing did not comport with the court's directive and contained only additional argument in support of her claims.  (Doc. 31)

Motion to Reiterate (doc. 40)

Plaintiff's document styled "Motion: Plaintiff Reiterate to the United States District Court Southern District of Mobile, Alabama" is, as stated in the title, a reiteration of some of plaintiff's arguments made in prior filings with this court, and seeks no relief not elsewhere requested.  The undersigned RECOMMENDS that the redundant filing be STRICKEN.

Motion for Default Judgment (doc. 41)

Plaintiff's Motion for Default Judgment is improper in several respects.  First, contrary to Fed.R.Civ.P. 55, it has been filed without the prior entry of default by the clerk.  Second, and far more serious, it seeks a default against a non-party.  Merrill Lynch has never been sued in this action, and has not been served with process.  The only defendant named in this action is HSBC Bank USA; the name Merrill Lynch is included in the style of the case because plaintiff drew defendant's name from documents related to a prior foreclosure action, and thus HSBC Bank is purportedly sued in its capacity as Trustee for Merrill Lynch Mortgage Investors, Inc.  For each of these reasons, the undersigned RECOMMENDS that the Motion for Default Judgment be STRICKEN.

Defendant's Motion to Dismiss (doc. 24)

Defendant has filed a Motion to Dismiss for failure to state a claim upon which relief can be granted; the plaintiff has filed a Response.  Recently, in Ashcroft v. Iqbal, 556 U.S. —, —, 129 S.Ct. 1937 (2009), the United States Supreme Court reiterated that a claim is insufficiently pled if it offers only "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action'."  Id. at 1949, *quoting* Twombly,[11] 550 U.S. at 557.  *See also*, Phillips v. County

---

[11]  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)

6

of Allegheny, 515 F.3d 224, 233 (3rd Cir. 2008)("After Twombly, it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct'."), *quoting* Twombly, 550 U.S. at 553, n. 8.  *See also*, Sinaltrainal v. Coca-Cola Co., 2009 WL 2431463 (11th Cir. Aug. 11, 2009)("The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss [*citing* Iqbal, 129 S.Ct. at 1949] [and] [t]he well-pled allegations must nudge the claim 'across the line from conceivable to plausible'" [*quoting* Twombly, 550 U.S. at 570]").

It is also important to note that "[a] complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." McTernan v. City of York, Pennsylvania, 564 F.3d 636, 646 (3rd Cir. 2009), *quoting*, Phillips, 515 F.3d at 231, in turn *quoting*, Twombly, 550 U.S. at 553, n. 8.  The Supreme Court's Twombly formulation of the pleading standard "'does not impose a probability requirement at the pleading stage,'" but instead "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence' of the necessary element." *Id.*, *quoting* Phillips, 515 F.3d at 234, in turn *quoting*, Twombly, 550 U.S. at 556.

Defendant notes that the Complaint in this action is one for a Temporary Restraining Order ("TRO") enjoining a foreclosure which is no longer pending.  Defendant also notes that the Complaint contained allegations that defendant had not provided plaintiff with proof of the assignment and an itemized statement of her account; defendant not only alleges that it had previously provided those documents to plaintiff's attorney in the state court action, but provides them again as attachments to its motion to dismiss.

In her Response, plaintiff challenges the defendant's showing that it has standing in this

7

case: that is, that it is the proper party.  Defendant HSBC Bank was sued by plaintiff; if, as

plaintiff argues, defendant is not the appropriate party, the instant action against it is due to be

dismissed.  More directly, as addressed above, the allegations of the verified Complaint establish

conclusively that HSBC took an assignment of plaintiff's mortgage and is thereby the holder of

that mortgage.  Plaintiff's argument contradicts her own sworn Complaint.

Plaintiff's arguments that the existence of government investigations and other cases

holding other lenders liable for actions not alleged in the instant case somehow makes her claims

viable are without merit.  The Complaint does not put at issue any matter other than an

injunction of the foreclosure action which was pending at the time this action was filed and,

arguably, the provision of certain information identified above.  Plaintiff's allegations do not

encompass or support any remaining actionable claim.  *See* Iqbal, 129 S.Ct. at 1949 ("To survive

a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state

a claim to relief that is plausible on its face.' ")(quoting Bell Atlantic Corp. v. Twombly, 550

U.S. 544 (2007)).  The allegations of Plaintiff's Complaint are inadequate to support any claim

for relief and plaintiff has failed to demonstrate that her complaint includes any claim upon

which relief may be granted.  Accordingly, the undersigned RECOMMENDS that defendant's

Motion to Dismiss be GRANTED.

<u>Conclusion</u>

For the foregoing reasons, the undersigned hereby RECOMMENDS that: 1) plaintiff's

Motion for Summary Judgment (doc.  23) be DENIED; 2) plaintiff's Motion (doc. 30)

concerning defendant's failure to respond to plaintiff's restructuring proposal (doc. 27) be

DENIED; 3) plaintiff's Motion (doc. 33) concerning defendant's corporate disclosure be

DENIED;  4) plaintiff's Motion to Reiterate (doc. 40) be STRICKEN; 5) plaintiff's Motion for

Default Judgment (doc. 41) against Merrill Lynch be STRICKEN; 6) defendant's Motion to

Dismiss (doc. 24) be GRANTED; and 7) plaintiff's complaint be DISMISSED without

prejudice.

> The attached sheet contains important information regarding objections to the Report and

Recommendation.

> **DONE** this the 1st day of September, 2009.

　　　　　　　　　　　　　　 /s/Katherine P. Nelson　　　　　　　
　　　　　　　　　　　　　　**KATHERINE P. NELSON**
　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.     Objection.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     Opposing party's response to the objection.  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.     Transcript (applicable where proceedings tape recorded).  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/   Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE