# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BERNICE MUHAMMAD, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 09-00053-KD-N |
| ) | |
| HSBC BANK USA, N.A., as Trustee for ) | |
| Merrill Lynch Mortgage Investors, Inc., ) | |
| Mortgage Loan Asset-Backed Certificates, ) | |
| Series 2002-HEI, ) | |
|     Defendant. ) | |

## ORDER

This matter is before the Court on Plaintiff's *pro se* "First Amended Complaint in said Lawsuit by Pro Se Plaintiff Bernice Muhammad, Brings this Diversity Actions against all Named Defendants in said Lawsuit Motion for Temporary Restraining Order and Preliminary Injunction-Fraud upon the Court and Conspiracy in Violation of 42 U.S.C. § 1985(3) and Motion for Sanction, in which Leave to Refile has been Granted by the District Court." (Doc. 56). While not a model of clarity, a review of Plaintiff's 40-page filing indicates that she seeks to file a First Amended Complaint as well as obtain a temporary restraining order and preliminary injunction, barring Defendant from foreclosing as scheduled on February 4, 2010.

**I.    Factual Background**

    See Report and Recommendation. (Doc. 42).

**II.    Procedural Background**

    Plaintiff initiated this litigation on January 29, 2009, by filing a motion for temporary restraining order against Defendant, HSBC Bank USA, N.A., to halt the foreclosure of her home

which was at that time scheduled for February 5, 2009. (Doc. 2). In its response, the defendant stated that it had notified Plaintiff by letter dated February 2, 2009 "that the foreclosure sale previously scheduled for February 5, 2009, has been temporarily cancelled." (Doc. 5 at 3). This Court found that in light of the temporary cancellation of the foreclosure sale, plaintiff did "not state a prima facie case for preliminary injunctive relief. Specifically, plaintiff [was] unable to adequately show the presence of immediate, irreparable harm to warrant the court's issuance of a Temporary Restraining Order." (Doc. 7). This Court denied Plaintiff's motion for a temporary restraining order "at this time," noting that she "is granted leave to refile her motion as the circumstances may warrant." (Doc. 7 at n.1). The case continued and Plaintiff filed various motions, including a motion for default judgment (Doc. 41), motion for summary judgment (Doc. 23), a motion concerning defendants failure to respond to her restructuring proposal (Doc. 30), a motion concerning defendants' corporate disclosure (Doc. 33) – all of which were addressed in the Magistrate Judge's September 1, 2009 Report and Recommendation (Doc. 42).

On September 16, 2009, after receiving Plaintiff's Objection to the Report and Recommendation (Doc. 42), this Court issued an Order and final Judgment in this case. (Docs. 44, 45). In so doing, the Court adopted the Magistrate Judge's Report and Recommendation (Doc. 42) and granted Defendant's motion to dismiss Plaintiff's complaint. (Id.) On September 21, 2009, Plaintiff moved to amend or vacate the prior orders (Doc. 46), relief which this Court denied on September 24, 2009, because she had not set forth any grounds which provide the basis for the relief she requested. (Doc. 47). On September 30, 2009, Plaintiff filed a Motion to Vacate (Doc. 48) which sought to vacate the Court's prior rulings (Docs. 44, 45, 47). On October 14, 2009, finding no basis for the relief requested ("Plaintiff's motion provides no legal basis to award the relief

requested. Plaintiff has not set forth *any* viable ground(s) for vacating the Court's prior Orders[]"), the Court denied Plaintiff's motion. (Doc. 49). On October 20, 2009 (docketed October 21, 2009), Plaintiff filed a Notice of Appeal in the Eleventh Circuit, "to Appeal the Orders, and Actions by District Judge Kristi K. DuBose, and U.S. Magistrate Judge Katherine P. Nelson . . . . " (Doc. 50). At present, Plaintiff's appeal remains pending in the Eleventh Circuit.

**III.  Discussion**

A review of Plaintiff *pro se* "First Amended Complaint ...Motion for Temporary Restraining Order and Preliminary Injunction...in which Leave to Refile has been Granted by the District Court" (Doc. 56) indicates that she seeks to file a First Amended Complaint as well as obtain injunctive relief to stop the February 4, 2010 foreclosure on her home.

First, to the extent Plaintiff seeks to file a First Amended Complaint, her motion is **DENIED.** The final Order and Judgment was issued by this Court on September 16, 2009 and Plaintiff filed her Notice of Appeal on October 20, 2009. (Docs. 44, 45). Accordingly, this Court lacks jurisdiction to grant the relief Plaintiff seeks. Put simply, Plaintiff cannot amend her complaint when her case is already on appeal to the Eleventh Circuit.[1]

---

[1] See In re Walker, 515 F.3d 1204, 1211 (11th Cir. 2008) (stating that "[t]he filing of a proper notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the appellate court and divests the trial court of its control over those aspects of the case involved in the appeal. Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 . . . (1982)[]"). See also Munoz v. U.S., Slip Copy, 2009 WL 1651427 (S.D. Fla. Jun.10, 2009) (finding that "[s]ince the Eleventh Circuit has acknowledged receipt of Petitioner's appeal, is proceeding with the appeal, and . . . has not remanded the case, I do not have jurisdiction to consider the instant Motion[]"); In re Roberts, 291 Fed. Appx. 296 (11th Cir. 2008) (providing that "the filing of a notice of appeal generally 'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" In re Mosley, 494 F.3d 1320, 1328 (11th Cir. 2007)").

Second, in light of the foregoing, Plaintiff's requested injunctive relief – which is construed as a Rule 62 injunction pending appeal[2] – and any relief granted by this Court for same must be based on the allegations contained in her *prior* complaint in this case. This Court previously dismissed Plaintiff's complaint (which sought injunctive relief as to a February 5, 2009 foreclosure date) for failure to state a claim. The Court adopts the reasoning in the previous dismissal and finds that Plaintiff cannot possibly show a likelihood of success on the merits of her claim for injunctive relief on a foreclosure date (Feb. 5, 2009) that was cancelled and that has passed.[3] (Docs. 42, 44, 45).

Additionally, while the Court previously denied Plaintiff's motion for a temporary restraining order "at this time," noting that she "is granted leave to refile her motion as the circumstances may warrant" (Doc. 7 at n.1), that leave to file was specifically tied to the February 5, 2009 foreclosure date and injunctive relief for same. This was based on the fact that the defendant only <u>temporarily</u> cancelled going forward with the February 5, 2009 foreclosure. Had the defendant reinstated the February 5, 2009 foreclosure, Plaintiff could have again requested injunctive relief.

---

[2] <u>Federal Rule of Civil Procedure</u> Rule 62(c) and <u>Federal Rule of Appellate Procedure</u> Rule 8 address injunctions pending appeal, such that even after notice of an appeal has been filed, the trial court still has jurisdiction to make an order under Rule 62(c). Specifically, Rule 62 provides that when an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal. Under Rule 8, application for an order suspending, modifying, restoring or granting an injunction during the pendency of an appeal must be made first in the district court.

[3] For Rule 62 motions, courts examine a plaintiff's substantial likelihood of success on the merits, irreparable injury to plaintiff unless the injunction issues, whether the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party, and if issued, whether the injunction would not be adverse to the public interest. <u>See</u>, <u>e.g.</u>, <u>In re Lickman</u>, 286 B.R. 821, 827 (Bkrtcy. M.D. Fla. 2002); <u>In re Gulf States Steel, Inc. of Alabama</u>, 285 B.R. 739, 741 (Bkrtcy. N.D. Ala. 2002).

In sum, the current motion for injunctive relief presents new facts tied to a new foreclosure date of February 4, 2010. The new claims and new foreclosure date are not a part of the case pending before the Eleventh Circuit. Thus injunctive relief in this case is not appropriate. Accordingly, Plaintiff's motion seeking entry of a temporary restraining order and/or injunction is **DENIED**.

**DONE** and **ORDERED** this the **25th** day of **January 2010.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**